FILED

2009 Jun-18  PM 02:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

GARY D. HODGES,                          )
                                         )
            Plaintiff,                   )
                                         )
      v.                                 )      CIVIL ACTION NO. 08-G-1537-NE
                                         )
MICHAEL J. ASTRUE,                       )
Commissioner of Social Security,         )
                                         )
            Defendant.                   )
                                         )
                                         )

## MEMORANDUM OPINION

The plaintiff, Gary D. Hodges, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying his application for Social Security benefits. Plaintiff timely pursued and exhausted his administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. §405(g).

### STANDARD OF REVIEW

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). To that end this court "must scrutinize the record as a whole to determine if the decision reached

is reasonable and supported by substantial evidence." <u>Bloodsworth</u>, at 1239 (citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." <u>Bloodsworth</u>, at 1239.

## STATUTORY AND REGULATORY FRAMEWORK

In order to qualify for disability benefits and to establish his entitlement for a period of disability, a claimant must be disabled. The Act defines disabled as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months . . . ." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(I). For the purposes of establishing entitlement to disability benefits, physical or mental impairment is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

In determining whether a claimant is disabled, Social Security regulations outline a five-step sequential process. 20 C.F.R.§ 404.1520(a)-(f). The Commissioner must determine in sequence:

    (1)    whether the claimant is currently employed;

    (2)    whether he has a severe impairment;

    (3)    whether his impairment meets or equals one listed by the Secretary;

    (4)    whether the claimant can perform his past work; and

(5)     whether the claimant is capable of performing any work in the national economy.

Pope v. Shalala, 998 F.2d 473, 477 (7th Cir.1993); accord McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th Cir. 1986).  "Once the claimant has satisfied Steps One and Two, she will automatically be found disabled if she suffers from a listed impairment.  If the claimant does not have a listed impairment but cannot perform her past work, the burden shifts to the Secretary to show that the claimant can perform some other job."  Pope at 477; accord Foote v. Chater, 67 F.3d 1553, 1559 (11th Cir. 1995).  The Commissioner further bears the burden of showing that such work exists in the national economy in significant numbers.  Id.

In the instant case,  ALJ Dan Grady determined the plaintiff met the first two tests, but concluded that while he has an impairment or combination of impairments considered "severe," he did not suffer from a listed impairment.  In his decision, the ALJ found that the plaintiff has the residual functional capacity to perform a less than full range of light work.  [R. 13].  Accordingly, the ALJ found the Plaintiff not to be disabled.

## THE STANDARD WHEN THE CLAIMANT TESTIFIES HE SUFFERS FROM DISABLING PAIN OR OTHER SUBJECTIVE SYMPTOMS

In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms."  Foote, at 1560.

The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively

determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

Foote, at 1560 (quoting Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991). In this circuit medical evidence of pain itself, or of its intensity, is not required.

> While both the regulations and the Hand standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, neither requires objective proof of the pain itself. Thus under both the regulations and the first (objectively identifiable condition) and third (reasonably expected to cause pain alleged) parts of the Hand standard a claimant who can show that his condition could reasonably be expected to give rise to the pain he alleges has established a claim of disability and is not required to produce additional, objective proof of the pain itself. See 20 C.F.R. §§ 404.1529 and 416.929; Hale at 1011.

Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1215 (11th Cir. 1991)(parenthetical information omitted)(emphasis added). Furthermore, it must be kept in mind that "[a] claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." Foote at 1561. Therefore, if a claimant testifies to disabling pain and satisfies the three part pain standard, he must be found disabled unless that testimony is properly discredited.

> When the Commissioner fails to credit a claimant's pain testimony, he must articulate reasons for that decision.

> It is established in this circuit that if the Secretary fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the Secretary, as a matter of law, has accepted that testimony as true. Implicit in this rule is the requirement that such articulation of reasons by the Secretary be supported by substantial evidence.

Hale v. Bowen, 831 F.2d 1007, 1012 (11th Cir. 1987).  Therefore, if the ALJ either fails

to articulate reasons for refusing to credit the plaintiff's pain testimony, or if his reasons

are not supported by substantial evidence, the pain testimony of the plaintiff must be

accepted as true.

## DISCUSSION

The plaintiff was 53 years old at the time of the ALJ hearing and is

considered a "person closely approaching advanced age" according to 20 C.F.R. §

404.1563(d) and §416.963(d).  In his decision, the ALJ found that the plaintiff suffered

from the severe impairments of "residuals from multiple stab wounds and left shoulder

weakness secondary to severed nerves. . . ."  [R. 12].  However, he found that the plaintiff

"does not have an impairment or combination of impairments that meets or medically

equals one of the listed impairments. . . ."  [R. 13].  The plaintiff in the present case has

been awarded an 80 percent nonservice-connected disability rating by the Veteran's

Administration ("VA").[1]  This rating was based on numerous medical conditions,

including residuals of cardiac apical myocardial injury, chronic obstructive pulmonary

disease, left shoulder weakness, and surgical scars.  [R. 170].  The ALJ failed to properly

consider the plaintiff's VA disability rating in assessing whether the plaintiff met the

requirements for Social Security disability benefits.  This is evident in the minimal

discussion of the VA disability rating in the ALJ's decision:

---

[1]  Although the plaintiff was rated as 80 percent disabled, actually there were
nonservice-connected disability ratings listed for four separate impairments, which
together totaled 110 percent.  [R. 170].

> Records from the Department of Veterans Affairs show the claimant served
> in the Army from August 20, 1974 to August 11, 1976 and was a veteran of
> the Vietnam Era and Peacetime.  The claimant was granted disability
> pension benefits effective February 17, 2006.  He was found disabled due to
> the residuals of cardiac apical myocardial injury (60%), chronic obstructive
> pulmonary disease (30%), left shoulder weakness (10%) and surgical scars
> (10%).  His combined rating was 80%).  (Exhibit 3F).

[R. 12-13].  It is true that the disability finding by the VA is not binding on the Social

Security Administration:

> A decision by any nongovernmental agency or any other governmental
> agency about whether you are disabled or blind is based on its rules and is
> not our decision about whether you are disabled or blind. We must make a
> disability or blindness determination based on social security law.
> Therefore, a determination made by another agency that you are disabled or
> blind is not binding on us.

20 C.F.R. § 416.904.  However, that finding must be considered as evidence in

determining whether the plaintiff is disabled under the Social Security Act:

> b) What we mean by "evidence." Evidence is anything you or anyone else
> submits to us or that we obtain that relates to your claim. This includes, but
> is not limited to:
>
> * * * *
>
> (5) Decisions by any governmental or nongovernmental agency about
> whether you are disabled or blind....

20 C.F.R. § 416.912.

> Under the well settled law of this circuit, an ALJ must ordinarily give great

weight to a determination of disability by the VA:

> "Although the V.A.'s disability rating is not binding on the Secretary of
> Health and Human Services, it is evidence that should be given great
> weight." Olson v. Schweiker, 663 F.2d 593 (5th Cir.1981), citing to
> Rodriguez v. Schweiker, 640 F.2d 682, 686 (5th Cir.1981)

Brady v. Heckler  724 F.2d 914, 921 (11th Cir. 1984); Epps v. Harris  624 F.2d 1267,

1274 (5th Cir. 1980)(VA finding of disability entitled to great weight).  It is clear to the

court the ALJ failed to properly consider the finding of disability by the VA in the present

case.  The ALJ did mention the VA's disability determination,  but ALJ did not explain

what weight was given to these findings by the VA, nor did he explain why those findings

were not entitled to great weight.

> The ALJ found that the plaintiff could perform a less than full range of light

work:

> . . . the claimant has the residual functional capacity to perform work at the
> light exertional level.  The claimant needs to be able to change positions at
> will and he is restricted from working in extreme temperatures and humidity
> and around allergens and irritants.  On an occasional basis, he can perform
> standing, walking, balancing, crawling, crouching, kneeling, stooping and
> climbing of stairs and ladders.  The claimant is also restricted from
> performing overhead reaching and pushing and pulling with the upper
> extremities.

[R. 13].  The Commissioner's regulations define light work as follows:  "Light work

involves lifting no more than 20 pounds at a time with frequent lifting or carrying of

objects weighing up to 10 pounds."  20 C.F.R. § 404.1567(b).  The definition of light

work has been further clarified by Social Security Ruling 83-10:

> The regulations define light work as lifting no more than 20 pounds at a
> time with frequent lifting or carrying of objects weighing up to 10 pounds.
> Even though the weight lifted in a particular light job may be very little, a
> job is in this category when it requires a good deal of walking or
> standing--the primary difference between sedentary and most light jobs. A
> job is also in this category when it involves sitting most of the time but with
> some pushing and pulling of arm-hand or leg-foot controls, which require
> greater exertion than in sedentary work; e.g., mattress sewing machine

7

operator, motor-grader operator, and road-roller operator (skilled and
semiskilled jobs in these particular instances). Relatively few unskilled light
jobs are performed in a seated position.

"Frequent" means occurring from one-third to two-thirds of the time. Since
frequent lifting or carrying requires being on one's feet up to two- thirds of
a workday, the full range of light work requires standing or walking, off and
on, for a total of approximately 6 hours of an 8-hour workday. Sitting may
occur intermittently during the remaining time. The lifting requirement for
the majority of light jobs can be accomplished with occasional, rather than
frequent, stooping. Many unskilled light jobs are performed primarily in one
location, with the ability to stand being more critical than the ability to
walk. They require use of arms and hands to grasp and to hold and turn
objects, and they generally do not require use of the fingers for fine
activities to the extent required in much sedentary work.

SSR 83-10 **5-6 (emphasis added).  If the ALJ had found that the plaintiff could perform

a full range of sedentary work, the plaintiff would meet Grid Rule 201.10 (20 Part 404,

Subpart P, Appendix P).  It is clear to this court that the ALJ failed to give any weight to

the plaintiff's VA disability rating and found the plaintiff could perform a less than full

range light work instead of sedentary work in order to avoid finding the plaintiff disabled

under the Medical-Vocational Guidelines.

At the ALJ hearing, the plaintiff testified regarding his injuries and the

resulting pain and limitations.  "I was cut from behind in two places through a lot of

nerves and a main artery back there, and since then, I have limited, I can only reach about

this high up without it just shooting — like a nerve."  [R. 23].  Direct examination by the

plaintiff's attorney follows:

Q:    Okay.  So you were saying I believe that are limited in raising your
      arm to about shoulder height?

8

A:      Yes.

Q:      Do you experience pain when you raise it that high?

A:      It make, it's a burning feeling all the way down.  They said it's nerve damage in there from the back cut, from the back side.

[R. 24].

Q:      Do you still, do you feel the pain when you're not using your arm, or is it only when you try to use your arm?

A:      Like on a, on a wet day or when the weather changes, it feels almost, it hurts about almost it did when it happened.

[R. 25].

Q:      Okay.  What is the, the main problem you have at this point that you fell keeps you from being able to work?

A:      Main problem is this front injury around my lung where I was stabbed through the lung and into the heart area, and that, like I said, that's a constant pain, and it just causes me shortness of breath, which I have an inhaler I use occasionally.

Q:      Okay.  The shortness of breath, is that something that happens just on exertion, or are you short of breath sometimes when you're just sitting?

A:      It can happen if I'm trying to drive or I see anything that's stressful.

[R. 27].

Q:      Are you able to do your own housework as far as cleaning, sweeping, mopping, that sort of thing?

A:      Far as maybe just taking out the garbage, or, I can't vacuum.  The dust or something like that bother me real bad on my breathing.

[R. 29-30].

9

Q:     Does the weather affect you?

A:     Yes.

Q:     How so?

A:     It just makes my, I guess the nerves and all just hurt worse, like I can
       tell usually when it's going, the weather is going to change the day
       before or two before it gets there because I go to hurting so bad.

Q:     Is that wet weather, cold weather, what?

A:     Wet weather and cold –

Q:     Okay.

A:     – seem like it's worse.

[R. 30].

Although the ALJ recited plaintiff's activities of daily living, it does not

follow that the plaintiff's pain testimony is not true.  The ability to perform the limited

activities noted by the ALJ does not rule out the presence of disabling pain.  The ability to

watch television, do occasional shopping, or perform other sporadic activities does not

mean the plaintiff is not disabled. In this circuit it has been recognized that "participation

in everyday activities of short duration, such as housework or fishing" does not disqualify

a claimant from disability.  Lewis v. Callahan, 125 F.3d 1346, 1441 (11th Cir. 1997).  As

has been noted:

> [S]tatutory disability does not mean that a claimant must be a quadriplegic
> or an amputee.  Similarly, shopping for the necessities of life is not a
> negation of disability and even two sporadic occurrences such as hunting
> might indicate merely that the claimant was partially functional on two
> days.  Disability does not mean that a claimant must vegetate in a dark room

10

excluded from all forms of human and social activity. . . . It is well established that sporadic or transitory activity does not disprove disability.

Smith v. Califano, 637 F.2d 968, 971-72 (3rd Cir. 1981)(emphasis added).  It is the ability to engage in gainful employment that is the key, not whether a plaintiff can perform minor household chores or drive short distances.  In Easter v. Bowen, the court observed as follows:

> Moreover, an applicant need not be completely bedridden or unable to perform any household chores to be considered disabled. See Yawitz v. Weinberger, 498 F.2d 956, 960 (8th Cir.1974).  What counts is the ability to perform as required on a daily basis in the "sometimes competitive and stressful" environment of the working world.  Douglas v. Bowen, 836 F.2d 392, 396 (8th Cir.1987) (quoting McCoy v. Schweiker, 683 F.2d 1138, 1147 (8th Cir.1982) (en banc)).

867 F.2d 1128, 1130 (8th Cir. 1989).  The Easter court further noted that "[e]mployers are concerned with substantial capacity, psychological stability, and steady attendance . . . ."  867 F.2d at 1130 (quoting Rhines v. Harris, 634 F.2d 1076, 1079 (8th Cir.1980)).

With this standard in mind, it is clear that the ALJ's articulated reasons for rejecting the plaintiff's pain testimony are not supported by substantial evidence.  Therefore, the ALJ failed to satisfy the requirements of Hale.  The conclusion of that court is equally appropriate in the instant case.  "[T]he Secretary has articulated reasons for refusing to credit the claimant's pain testimony, but none of these reasons is supported by substantial evidence.  It follows, therefore, that claimant's pain testimony has been accepted as true."  Hale, at 1012.

**CONCLUSION**

This is a case where "the [Commissioner] has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt." <u>Davis v. Shalala</u>, 985 F.2d 528, 534 (11th Cir. 1993). In such a case the action should be reversed and remanded with instructions that the plaintiff be awarded the benefits claimed. <u>Id.</u>  An appropriate order remanding the action with instructions that the plaintiff be awarded the benefits claimed will be entered contemporaneously herewith.

DONE and ORDERED 18 June 2009.

_____

UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.